UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RASHEEM CURRY and DAVID TOBER,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**BRAM AUTO GROUP, LLC, ROUTE 22 NISSAN, INC., and MICHAEL DELACRUZ,**<br><br>**Defendants.** | **Civil Action No. 2:20-cv-12090 (KSH) (CLW)**<br><br>**OPINION** |

### I. Introduction

This matter comes before the Court on the motion of plaintiffs Rasheem Curry and David Tober ("Plaintiffs") seeking leave to file a second amended complaint adding as defendants three corporate entities not named in their prior pleadings. D.E. 17.[1] Defendants BRAM Auto Group, LLC, Route 22 Nissan, Inc., and Michael DeLaCruz ("Defendants") have opposed the motion, and Plaintiffs have filed a reply. D.E. 18-20, 22. The Honorable Katharine S. Hayden has referred the motion to the undersigned. Upon careful consideration of the parties' submissions, the Court GRANTS Plaintiffs' motion.

### II. Background

Plaintiffs brought this action in August 2020 and amended their complaint in October 2020. D.E. 1, 14. Broadly, Plaintiffs allege that, while employed by Defendants, who are engaged in car sales, they suffered discrimination and retaliation as a result of seeking medical and childcare leave in connection with the COVID-19 pandemic, as well as complaining about Defendants' compliance with COVID-19 guidelines. See generally D.E. 14. The day after Plaintiffs amended

---

[1] Plaintiffs also seek to remove BRAM Auto Group, LLC as a defendant, to which Defendants consent. The Court will grant this request.

their complaint, Defendants' counsel advised Plaintiffs' counsel that defendant BRAM Auto Group, LLC had been dissolved and therefore is not a proper defendant. D.E. 17-2 (the "Hartzband Decl.") at ¶ 7; D.E. 18 (the "Lundy Decl.") at ¶ 6.[2] Plaintiffs' counsel agreed to remove BRAM Auto Group, LLC as a defendant, and inquired with Defendants' counsel about three corporate entities doing business as "BRAM" or "BRAM Auto Group" which appeared in documents relevant to the action. Hartzband Decl. at ¶¶ 9-11. Plaintiffs represent that Defendants did not provide any such information, prompting Plaintiffs to undertake an investigation which revealed three entities believed by Plaintiffs to be collectively doing business as "BRAM Auto Group": Bay Ridge Automotive Management Corp. ("BRAM Corp."), Bay Ridge Automobiles Ltd. ("BRAM Ltd."), and Bay Ridge Motor Sales, Inc. ("BRAM Inc.") (collectively, the "BRAM Entities"). Id. at ¶¶ 11-14. The BRAM Entities are the subject of the present motion.

Plaintiffs then sent to Defendants a proposed second amended complaint naming the BRAM Entities as defendants. Id. at ¶ 15; Lundy Decl. at ¶ 8. Defendants did not consent to its filing. Hartzband Decl. at ¶¶ 16-17; Lundy Decl. at ¶ 9.[3] The parties offer conflicting accounts of what transpired next: Plaintiffs state that they invited Defendants to provide information as to why BRAM Ltd. and BRAM Inc. are not proper parties and that Defendants declined to do so. Hartzband Decl. at ¶¶ 19-21. Defendants contend that they offered to provide similar information, but that Plaintiffs filed their motion instead. Lundy Decl. at ¶ 10.[4] In either event, Plaintiffs' motion arises from this impasse.

---

[2] Defendants' counsel represents that while he had received this information in connection with an unrelated lawsuit, he was not immediately aware of it until being reminded by Plaintiffs' counsel. Hartzband Decl. at ¶ 8; Lundy Decl. at ¶ 6.

[3] Defendants claim that Plaintiffs consented to the addition of BRAM Corp.; Plaintiffs state that they refused the proposed amendment across the board. Compare Hartzband Decl. at ¶¶ 16-17 with Lundy Decl. at ¶ 9.

[4] Of note, neither party provides the Court with documentation of these communications.

2

### III. Legal Standard

Plaintiffs' motion is governed by FED. R. CIV. P. 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). The Third Circuit "has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Defendants contend that Plaintiffs' application is grounded in dilatory conduct and that the proposed amendment would be futile. As discussed below, the Court disagrees.

### IV. Analysis

#### a. Plaintiffs Were Not Dilatory in Seeking the Proposed Amendment

Defendants first argue that Plaintiffs' motion should be denied because Plaintiffs had ample opportunity, but failed, to name the correct defendants in their initial complaint and their first amended complaint. See D.E. 20 at 6-7. Defendants state that Plaintiffs' failure to name the BRAM Entities in their first two pleadings is "purely dilatory conduct [which] constitutes undue delay on Plaintiffs' part and requires denial of their motion to amend." Id. at 7.

The Court does not agree. While Plaintiffs arguably could have been more vigilant in investigating the BRAM Entities before filing this lawsuit, their actions do not rise to the level of

3

undue delay or dilatory conduct necessary to defeat the proposed amendment. To the contrary, Plaintiffs identified and sought to add the BRAM Entities within two months of commencement of the action[5] and before the Court held a Rule 16 conference. See D.E. 21. To this end, Defendants have not even attempted to demonstrate prejudice resulting from the proposed amendment.

      Defendants do not cite any persuasive authority supporting their position. Their reference to USX Corp. v. Barnhart, 395 F.3d 161 (3d Cir. 2004) is illustrative by way of contrast: leave to amend was denied there where the plaintiffs waited more than three years before seeking the amendment. Id. at 169. Defendants' other cited cases are similarly distinguishable. See, e.g., Panetta v. SAP Am., Inc., 294 F. App'x 715, 718 (3d Cir. 2008) (upholding denial of leave to amend sought after close of discovery, where permitting plaintiff "to assert a new claim at such a late stage in the litigation would deprive the defendants of discovery or require them to repeat processes that were already complete") (citing Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 642 (3d Cir. 1993)); Kitko v. Young, 575 F. App'x 21, 27-28 (3d Cir. 2014) (leave to amend properly denied where plaintiff "at no time even suggested to the Court that he had uncovered additional facts central to his claims, or, on further investigation, had identified a new source of information"). This matter instead aligns with the myriad cases implementing Rule 15(a)(2)'s liberal amendment policy. As this Court held in Closeout Surplus & Salvage CSS, Inc. v. Sears Outlet Stores, LLC, 2017 U.S. Dist. LEXIS 128017, at *5-6 (D.N.J. Aug. 10, 2017) in granting a motion to file a second amended complaint which was brought more than six months after the case was filed,

> [i]n analyzing whether there was undue delay for purposes of a motion to amend a complaint, the Court must focus on a plaintiff's motives for not amending the complaint to assert a given claim

---

[5] This timeframe likely would have been even shorter but for Plaintiffs consenting to extend Defendants' time to answer the complaint, further demonstrating a lack of improper motive on Plaintiffs' part. See D.E. 9.

4

> earlier, and the issue of prejudice requires that [the Court] focus on the effect on the defendants. The passage of time, without more, does not require that a motion to amend a complaint be denied[.] A careful review of the docket reveals that here, there was no undue delay, dilatory conduct, or bad faith in Plaintiff's attempt to amend the complaint. In particular, the parties are not yet engaged in initial discovery and the amendment will not delay bringing the case to trial. . . .
>
> [E]ven though the Court does share [defendant's] concern for the efficient conduct and swift resolution of this case, those interests must be balanced with the Court's responsibility to assure that a particular claim will be decided on the merits. . . . [Defendant] has failed to offer specific evidence of prejudice or any other applicable factor that would warrant denial of the instant motion. Plaintiff's ongoing attempts to perfect the operative pleading offer little more than slight inconvenience and inefficiency in such early stages of the case.

Id. at *5-7 (citations and quotation marks omitted).[6]

In summary, the Court rejects Defendants' argument that Plaintiffs were dilatory in seeking the requested amendment.

### b. **Plaintiffs' Proposed Amendment is Not Futile**

#### i. **Legal Standard**

"A court denies a motion to amend on futility grounds if the complaint, as amended, would fail to state a claim upon which relief could be granted. We assess futility with the same standard of legal sufficiency as applies under Rule 12(b)(6)." Woodend v. Lenape Reg'l High Sch. Dist., 535 F. App'x 164, 168 (3d Cir. 2013) (citations and quotation marks omitted). To withstand a

---

[6] To the extent that Defendants take issue with Plaintiffs' purported refusal to accept information as to why the BRAM Entities are not proper defendants, as noted above, this is subject to conflicting assertions in counsels' declarations. Compare Hartzband Decl. at ¶¶ 19-21 with Lundy Decl. at ¶ 10. The Court therefore cannot infer improper conduct by Plaintiffs on this basis. Cf., e.g., Christian v. Regence BlueCross BlueShield of Or., 2020 U.S. Dist. LEXIS 155242, at *31 (W.D. Wash. Aug. 3, 2020) (no bad faith where "the Court has no evidence beyond counsels' contentions in their competing declarations"). It also is unclear why Defendants did not simply send this information to Plaintiffs instead of waiting for Plaintiffs to "accept[ ] Defendants' counsel's offers" to provide it. Lundy Decl., supra.

12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570) (2007) (quotation marks omitted)). In conducting this analysis, a court must "accept as true all of the factual allegations, as well as all reasonable inferences, reasonably drawn from the complaint, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing cases). Applying these standards, the Court rejects Defendants' futility arguments.

### ii. Plaintiffs Have Sufficiently Alleged an Employment Relationship Between Themselves and the BRAM Entities

Defendants first argue that Plaintiffs' proposed second amended complaint ("the Proposed SAC") does not sufficiently allege an employment relationship between Plaintiffs and the BRAM Entities, as required to sustain Plaintiffs' claims. The Court disagrees.

"Generally, an employment relationship exists when defendant is either plaintiff's (1) employer or (2) joint employer." Plaso v. IJKG, LCC, 2013 U.S. Dist. LEXIS 70757, at *9 (D.N.J. May 14, 2013) (citing Vitalis v. Sun Constructors, Inc., 481 F. App'x 718, 726-27 (3d Cir. 2013)).[7] The statutes under which Plaintiffs proceed and the case law construing them give rise to a variety of definitions of "employment." See 29 U.S.C.S. § 203(e)(1), (g) (under FLSA, "'employee' means any individual employed by an employer"; "[e]mploy" includes to suffer or permit to work"); 29 U.S.C.S. § 2611(3) (relevant terms have same meaning under FMLA as under FLSA); N.J. Stat. § 34:19-2(b) (under CEPA, "'[e]mployee' means any individual who performs services for and under the control and direction of an employer for wages or other remuneration");

---

[7] As alluded to here and to be expanded upon below, Defendants' primary argument here is a straw man. Namely, Defendants assert that the Proposed SAC "fails to sufficiently plead a joint employer relationship between Defendants and the new BRAM Entities". D.E. 20 at 9-11. This is irrelevant, though, because the Proposed SAC sufficiently alleges <u>direct</u> employment relationships between Plaintiffs and the BRAM Entities, thus obviating the need for a joint employment analysis.

Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 448 (2003) ("the common-law element of control is the principal guidepost that should be followed" in determining employment under ADA); Pukowsky v. Caruso, 312 N.J. Super. 171, 182 (Super. Ct. App. Div. 1998) (quoting Franz v. Raymond Eisenhardt & Sons, Inc., 732 F. Supp. 521, 528 (D.N.J. 1990) for twelve-factor "totality of the circumstances" test for NJLAD employment); see also D'Annunzio v. Prudential Ins. Co. of Am., 192 N.J. 110, 123 (2007) (quoting Pukwosky and applying twelve-factor test to CEPA action); Franz, 732 F. Supp. at 528 ("The most important of these factors is . . . the employer's right to control the means and manner of the worker's performance.") (citing Golden v. A.P. Orleans, Inc., 681 F. Supp. 1100, 1101 (E.D. Pa. 1988)). These principles are generally construed broadly. See, e.g., In re Enterprise Rent-A-Car Wage & Hour Emp't Prac. Litig., 683 F.3d 462, 467-68 (3d Cir. 2012) ("When determining whether someone is an employee under the FLSA, . . .the FLSA defines employer expansively, and with striking breadth. The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is the broadest definition that has ever been included in any one act.") (citations and quotation marks omitted); Pukowsky, 312 N.J. Super. at 177 ("The LAD is a broad and pervasive statute, which was intended by the Legislature to be liberally construed . . . .") (citations and quotation marks omitted).

Under any of these constructions, the Proposed SAC sufficiently alleges an employment relationship between Plaintiffs and the BRAM Entities. Plaintiffs explicitly state that at relevant times they were employed by "Defendants", a category that includes the BRAM Entities. See Proposed SAC at p. 1; ¶¶ 18, 20; see, e.g., Alvarez v. Millenium Tree Serv. & Landscaping Design, Inc., 2013 U.S. Dist. LEXIS 144429 (D.N.J. Oct. 7, 2013), at *4 ("[Defendant] is an 'employer' because it is the company [Plaintiff] worked for.") (citing Shakib v. Back Bay Restaurant Group, Inc., 2011 U.S. Dist. LEXIS 112614 (D.N.J. Sept. 30, 2011)). Defendants' alleged actions taken

7

toward Plaintiffs in the course of their employment with Defendants further suggest the existence of an employment relationship. See generally Proposed SAC at ¶¶ 77-124. This is particularly true inasmuch as Defendants are alleged to have ordered the re-opening of Plaintiffs' place of work, directed Plaintiffs to report there, and ultimately made the decisions to fire Plaintiffs. See id. at ¶¶ 61-64, 73-74, 96, 100, 124; Franz, supra (most important factor is employer's right to control means and manner of worker's performance). Accordingly, to deny that an employment relationship existed between Plaintiffs and the BRAM Entities would require dereliction of the Court's duty to accept as true the Proposed SAC's well-pleaded factual allegations. See, e.g., Callahan v. City of Chi., 2012 U.S. Dist. LEXIS 169755, at *15 (N.D. Ill. Nov. 29, 2012) (where plaintiff described certain control exerted by defendant, notwithstanding that "[c]ertain . . . other factors . . . tilt the other way", court concluded that "[plaintiff's] allegations, considered as a whole and construed in [plaintiff's] favor as required at this stage of the proceedings, are sufficient to give rise to a plausible claim of an employment relationship" and therefore denied motion to dismiss).

It is noted, as Defendants point out, that much of the Proposed SAC proceeds against Defendants collectively, rather than parse the various Defendants' individual roles in the alleged events at issue. On this point, the Court finds instructive Scott v. Crosby Energy Servs., 2020 U.S. Dist. LEXIS 86508 (E.D. La. May 18, 2020), which, in denying a motion to dismiss which raised similar arguments, wrote:

> At the beginning of Scott's second amended complaint, he states that he was "hired by Defendants as their Head Cook in October of 2014" and identifies Crosby and Wood Group as his employers "[a]t all times relevant to the allegations contained in this Complaint." The remainder of the amended complaint consistently refers to Crosby and Wood Group collectively as "defendants."

> Plaintiff's motion papers cite the non-binding, but persuasive, Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009), which held that a plaintiff satisfies the Rule 8 standard if "he specifies that he is directing [his] allegation[s] at all of the defendants" and "put[s] the defendants on notice of what exactly they might have done to violate [his] rights under the Constitution, federal law, or state law." Plaintiff's amended complaint clearly directs all allegations and theories of liability against both Crosby and Wood Group . . . .

Id. at *11-13 (citations omitted). As in Scott, Plaintiffs' allegations provide Defendants with adequate notice of the claims against them, and therefore suffice for purposes of this motion.

Lastly and as noted above, because the Court finds that Plaintiffs have sufficiently alleged they were employed by Defendants, the issue of joint employment is irrelevant. Joint employment operates where "an employee, formally employed by one entity, . . . has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity" in order to "impose liability for violation of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." St. Jean v. Orient-Express Hotels Inc., 963 F. Supp. 2d 301, 307 (S.D.N.Y. 2013) (quoting Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005)). These matters are of no concern here, where direct employment is alleged (and as discussed, duly established). See, e.g., Reid v. Exelon Corp., 2018 U.S. Dist. LEXIS 90729, at *9 (D.N.J. May 30, 2018) ("Plaintiff must plead adverse employment actions between him and Exelon unless he can establish a 'joint employer' relationship.") (citing In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig., 683 F.3d 462, 469 (3d Cir. 2012)) (emphasis added); McKinney v. Securitas Sec. Servs. USA, Inc., 2017 U.S. Dist. LEXIS 197645, at *8 (S.D. Ohio Dec. 1, 2017) ("Outside of direct employment, the courts have found an employer relationship using . . . the . . . 'joint employer' doctrine[].") (citing cases); Plaso, supra ("Generally, an employment relationship exists when defendant is either plaintiff's (1) employer or (2) joint employer.") (emphasis added).

9

In view of the above, the Court rejects Defendants' argument that the proposed amendment is futile in that it does not sufficiently allege an employment relationship between Plaintiffs and the BRAM Entities.[8]

### iii. The Question of Personal Jurisdiction is Not Properly Before the Court on this Motion

Defendants also argue that the Proposed SAC fails to establish personal jurisdiction over the BRAM Entities. The Court will not consider this argument on this motion. As explained in Macqueen v. Union Carbide Corp., 2014 U.S. Dist. LEXIS 45291 (D. Del. Apr. 1, 2014),

> [c]ourts in the Third Circuit have expressed a general reluctance . . . to rule on personal jurisdiction questions in the context of a motion for leave to amend a complaint. This is because the parties' arguments at this stage typically rest on sparse factual records that leave courts with insufficient evidentiary bases on which to conclusively rule on the issue. Accordingly, [w]here the court could conceivably have personal jurisdiction over a defendant sought to be added via an amended complaint, the court should not, despite objection by existing parties, deny leave to amend based on futility challenges. Challenges to personal jurisdiction are better raised by the proposed defendant in a motion to dismiss pursuant to Rule 12(b)(2), upon that defendant's entry of appearance in the case.

Id. at *17-19 (collecting cases where courts "declin[ed] to deny leave to amend based on challenge to personal jurisdiction where only a limited factual record was provided to the court regarding the jurisdictional question") (citations and quotation marks omitted). So long as "the court could

---

[8] In opposing Plaintiffs' motion, Defendants have submitted the declaration of Howard M. Simons, Vice President of BRAM Automotive Management Corp. D.E. 19. Mr. Simons purports to establish the non-involvement of the BRAM Entities in the alleged events underlying this action. See generally id. While such information certainly would be relevant on a summary judgment record, the declaration is not properly submitted here. See, e.g., HUMC OPCO LLC v. United Ben. Fund, 2016 U.S. Dist. LEXIS 147408, at *17 (D.N.J. Oct. 25, 2016) ("[A] court may consider only a limited record when evaluating whether a proposed amendment is futile. Specifically, a court may consider only the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents provided the claims are based on those documents.") (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1999)); Marrin v. Capital Health Sys., 2015 U.S. Dist. LEXIS 10243, at *23 (D.N.J. Jan. 29, 2015) ("Defendants' assertion [in opposing amendment] . . . requires facts outside the pleadings to establish. Thus, Plaintiff's Motion to Amend the Complaint . . . is granted."). The Court therefore will disregard Mr. Simons' declaration.

'conceivably have personal jurisdiction' over a defendant sought to be added via an amended complaint, the court should not, despite objection by existing parties, deny leave to amend based on futility challenges." Synthes, Inc. v. Marotta, 281 F.R.D. 217, 230 (E.D. Pa. 2012) (quoting Pegasus Int'l, Inc. v. Crescent Mfg. Co., 2007 U.S. Dist. LEXIS 24753, at *23 (E.D. Pa. Apr. 2, 2007) and citing cases). Because Plaintiffs' asserted basis for personal jurisdiction over the BRAM Entities is "conceivabl[e]", the Court will refrain from determining this issue at this time. See Proposed SAC at ¶¶ 22, 25, 28, 31 (alleging BRAM Entities and Route 22 Nissan, Inc.[9] have principal places of business in New Jersey). Should they wish, the BRAM Entities may, of course, challenge personal jurisdiction in a Rule 12(b)(2) motion.

## V.     Conclusion

For the reasons stated, the Court grants Plaintiffs' motion for leave to file a second amended complaint. An appropriate order follows.

Dated: March 10, 2021

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.

---

[9] The alleged events at issue appear to have occurred at Route 22 Nissan's premises.